DAVID M. ROSENBERG-WOHL (Cal. Bar No. 132924)
HERSHENSON ROSENBERG-WOHL,
A PROFESSIONAL CORPORATION
3080 Washington St.
San Francisco, CA 94115
(415) 317-7756
david@hrw-law.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GROVEMAN,<br><br>  Plaintiff,<br>vs.<br>UC DAVIS, REGENTS OF THE UNIVERSITY OF CALIFORNIA, MICHAEL V. DRAKE, GARY S. MAY, MARY CROUGHAN, RENETTA GARRISON TULL, CLARE SHINNERL, PABLO REGUERIN, AND DOES 1-10,<br><br>  Defendants. | Case No.:   2:24-at-00634<br><br>**COMPLAINT** |

**JURISDICTION & VENUE**

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000d et. seq., and 42 U.S.C. § 12131 et seq.

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction of suits brought pursuant to 42 U.S.C. § 1983. Jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because the causes of action arise under the Constitution and laws of the United States.

COMPLAINT - 1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, Defendants reside in the Eastern District of California and may be found and served in the Eastern District of California, and because a substantial part of the events, acts, or omissions giving rise to these claims arose in this District, County of Yolo.

**PARTIES**

4. Plaintiff **Jonathan Groveman** is a resident of Davis, California, County of Yolo, and a member of the UC Davis community.

5. Defendant **UC Davis** is a public school founded by the California State Assembly and operated by the State of California.

6. Defendant **Regents of the University of California** is a public agency within the meaning of Cal. Gov't Code § 7920.525(a) and is empowered under the California Constitution, Article IX, Section 9, to administer the University of California.

7. Defendant **Michael V. Drake** is sued in his official capacity as President of the University of California. As President, Defendant Drake oversees the University of California system, including UC Davis.

8. Defendant **Gary S. May** is sued in his official capacity as the Chancellor of UC Davis. As Chancellor, Defendant May is the Chief Executive Officer for the Davis campus. His duties include setting the policies, goals, and strategic direction for his campus, consistent with those of the University.

9. Defendant **Mary Croughan** is sued in her official capacity as Provost and Executive Vice Chancellor of UC Davis. Defendant Croughan is responsible for UC Davis' day-to-day

COMPLAINT - 2

operations, as well as the planning, quality, and delivery of education provided to UC Davis' students, parents, alumni, and to the Davis community as a whole.

10. Defendant **Renetta Garrison Tull** is sued in her official capacity as Vice Chancellor for Diversity, Equity and Inclusion and Co-Chair, Next Generation Campus Safety Task Force.

11. Defendant **Clare Shinnerl** is sued in her official capacity as Vice Chancellor for Finance, Operations & Administration.

12. Defendant **Pablo Reguerin** is sued in his official capacity as Vice Chancellor for Student Affairs.

**FACTS**

13. By May 7, 2024, UC Davis permitted an encampment (the "Encampment") at the Quad, at the very center of campus life and transit.

14. Any student or member of the public wishing to traverse the campus through its central artery became compelled to encounter the Encampment and interact physically and emotionally with it.

15. The Encampment is and has been comprised of individuals who are vehemently opposed to the existence of the State of Israel, to any self-determination for Jews living in what is presently the State of Israel, the West Bank or the Gaza Strip, or any part of the British Palestinian Mandate historically occupied by Jews, proposed as a state for Jews, accepted as a state for Jews, and fought for as a state for Jews (often phrased as "From River to Sea"), and to the residence of anyone of Jewish within this land, whether by intent or effect.

COMPLAINT - 3

16. The Encampment is and has been comprised of individuals who are vehemently supportive of Hamas and its express desire to extinguish not just Israeli life within the geographic boundaries of the Israeli state but wherever they may live, whether in Israel proper or the West Bank or Gaza Strip, but even Israelis and Jews wherever they may live in the world. This is the text of the charter of Hamas, and it is the meaning of "Globalize the Intifada."

17. On information and belief, a significant number of the individuals who live in the Encampment are not UC Davis students.

18. By May 7, 2024, the Encampment was an exclusive zone, welcoming and tolerant only of like-minded extremists. Any student or member of the public wanting to engage with the Encampment was rebuffed by furious personal attack, including by halting with hands on arms or bodies, by shoving, by weaponized umbrellas jabbed towards the face, and by screaming racially and ethnically charged invectives.

19. By May 8, 2024, the Encampment was walled off on its southern side, creating a physical barrier to enhance the social barrier and eliminating the possibility for anyone to cross campus through the Quad.

**PLAINTIFF**

20. Plaintiff is on the UC Davis campus regularly. There are a number of activities that bring him there throughout each month. These include, but are not limited to, activities related to his full-time job (meetings and events), events related to his family (his daughter plays in the Davis high school orchestra and they are regularly on campus), exercise, and other non-work related campus events that he is eager to participate in.

21. Plaintiff was on campus on May 7 to provide support to the counter dialogue against the Encampment and to support Jewish faculty and staff. He attempted to get from the North

COMPLAINT - 4

side of the Quad path to the South side. There were "guard stations" set up on both sides and blocked. He said he needed to walk to the other side and was told to "go around". He explained that he is a disabled veteran and that he needed to stay on the concrete, stable footpath. Once again, he was told to "go around". He asked to speak to the student in charge of the Encampment, at which point he was accused of being a "Zionist," was told "Zionists are not welcome," and to "go away." He was struck twice in the face with the sharp end of an umbrella.

22. Having been near the Quad and its path multiple times, he is regularly labeled a "Zionist" and not allowed to get within 20' of the guard post. I sent an email to UCDPD Chief Farrow and the UCD Chancellor May about the incident.

23. As everyone within the encampment had their faces completely concealed by head cloths, there is no way for Plaintiff to identify anyone involved in thwarting his access or hitting him. Only two people within the Encampment are identifiable - Hannah Zeltzer and Stanford McConnehey - but neither were the two he encountered at the "guard post".

24. Due to Plaintiff's Veterans Administration service-connected disability, Plaintiff needs to refrain from activity on uneven surfaces. Navigating on the grass, and even on decomposed granite paths, puts him at risk. He is VA-rated for both knees, his lower and upper back areas, and he has Meniere's Disease, which gives him spells of vertigo.

25. On May 10th, and again on May 14, Plaintiff wrote to UC Davis Chief Counsel Mike Sweeney. Mr. Sweeny did not respond. On May 17, Plaintiff received a response from Wendi Delmendo, UC Davis' Chief Compliance Officer in her role as ADA Coordinator. In this response, UC Davis accepted that the path through the Quad was inaccessible and told Plaintiff he was required to use a different path.

COMPLAINT - 5

**COUNT I**
**Violation of 42 U.S.C. § 1983 (Equal Protection Clause)**
**(on Behalf of Plaintiff Against Individual Defendants)**

26. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs 1-25.

27. Under the Fourteenth Amendment to the United States Constitution, a State shall not "deny to any person within its jurisdiction the equal protection of the laws." Defendants, in their official capacities, work for the State. In their official capacities, Defendants have deprived Plaintiff of equal protection of the laws, as secured by the Fourteenth Amendment, through a policy and practice that treats Plaintiff differently because Plaintiff is Jewish, has family that is Jewish, and identifies with Zionism. Plaintiff is denied access to the public space he calls home and its community, and that is because Defendants have reserved it for a smalls et of extremists.

28. Specifically, Defendants have selectively chosen not to enforce the official policies of UC Davis and the University of California generally, including antidiscrimination policies, codes of conduct, requirements for founding, maintaining and enforcing rules on campus organizations, and requirements permitting, and other time, place and manner restrictions, all designed to make the UC Davis campus a place for the robust and respectful free expression of ideas instead of holding it hostage to, and effectively adopting, only one extremist view. Defendants have k knowingly permitted individuals in the Encampment to be and remain masked, interfering with the enforcement of UC Davis policies and threatening to those who approach them or who are compelled to keep their distance. Defendants are aware that enforcement of existing policies would permit an encampment,

COMPLAINT - 6

if at all, in a way that did not condone one small group's taking over the campus itself to the exclusion of those with which it disagrees.

29. As a result of Defendants' conduct, Plaintiff has suffered significant injuries. This includes emotional distress for assault and battery, not to mention harassment, as well as for the imposition upon Plaintiff of second-class inferior status by the State institution he calls home.

**COUNT II**
**Violation of 28 U.S.C. § 1983 (Free Exercise Clause)**
**(On Behalf of Plaintiff Against Individual Defendants)**

30. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs 1-29.

31. Under the Fourteenth Amendment to the United States Constitution, the state may not thwart the right to express one's religious identity freely. The Free Exercise Clause of the First Amendment guarantees "the right to … profess whatever religious doctrine one desires." *Employment Div., Dept. of Hum. Res. of Or. v. Smith* 494 U.S. 872, 877 (1990).

32. In their official capacities, Defendants have deprived Plaintiff of the right to express his Jewish identity freely, and in particular his view of Zionism, through allowing the Encampment to thwart religious dialog and rebuff any discussion that would recognize either a Jewish identity or a Zionist viewpoint.

33. As a result of Defendants' establishment and toleration of the Encampment, as situated and allowed, Plaintiff has been unable to access campus political life due to his religious identity and his Zionist viewpoint, infused by his religion, where he would like to engage so as to express both.

COMPLAINT - 7

34. Defendants recognize that they have established, encouraged, and refused to constrain the Encampment so that it interferes with the Free Exercise Clause.

35. As a result of Defendants' conduct, Plaintiff has suffered significant injuries. This includes emotional distress for assault and battery, not to mention harassment, as well as for the imposition upon Plaintiff of second-class inferior status by the State institution he calls home.

**COUNT III**
**Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.**
**(On Behalf of All Plaintiff Against All Defendants)**

36. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs 1-35.

37. UC Davis receives financial assistance from the U.S. Department of Education and is therefore subject to suit under Title VI of the Civil Rights Act of 1964.

38. That Act states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

39. The establishment and toleration of the Encampment, as situated and allowed, violates Title VI because the individuals of the Encampment believe that Jews and Israelis are a race, that Jews and Israelis are inherently "white" of color, especially to the extent they identify with Zionism, and that Jews and Israelis have a "national origin" from anywhere that is not presently the State of Israel, most often identified as originating in Eastern Europe.

COMPLAINT - 8

40. Discrimination against Jews themselves is likewise prohibited under Title VI of the Civil Rights Act of 1964, as reflected in numerous written policies of the Department of Education's Office for Civil Rights. On November 7, 2023, OCR issued a new Dear Colleague Letter, reminding schools that receive federal financial assistance that they have a responsibility to address discrimination against Jewish, Muslim, Sikh, Hindu, Christian, and Buddhist students, or those of another religious group, when the discrimination involves racial, ethnic, or ancestral slurs or stereotypes; when the discrimination is based on a student's skin color, physical features, or style of dress that reflects both ethnic and religious traditions; and when the discrimination is based on where a student came from or is perceived to have come from, including discrimination based on a student's foreign accent; a student's foreign name, including names commonly associated with particular shared ancestry or ethnic characteristics; or a student speaking a foreign language. . . Harassing conduct, the letter made clear, could be verbal or physical and need not be directed at a particular individual.

41. OCR makes clear that the illegal "harassment" that "creates a hostile environment" is that which "limits or denies a person's ability to participate in or benefit from the recipient's education program or activity."

42. Plaintiff is unable to either participate in or benefit from political debate that is an essential part of the academic environment assured by UC Davis' receipt of federal funds. Separately, Plaintiff cannot access any part of the campus as all students and members of the community should, now that the Quad and main artery of campus access is cut off by the Encampment.

COMPLAINT - 9

43. As a result of Defendants' establishment and toleration of the Encampment, as situated and allowed, Plaintiff has been unable to access, participate in and benefit from campus political life due to his religious identity and his Zionist viewpoint, infused by his religion, where he would like to engage so as to express both.

44. Defendants recognize that they have established, encouraged and refused to constrain the Encampment so that it interferes with Title VI.

45. As a result of Defendants' conduct, Plaintiff has suffered significant injuries. This includes emotional distress for assault and battery, not to mention harassment, as well as for the imposition upon Plaintiff of second-class inferior status by the State institution he calls home.

**COUNT IV**
**Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. (On Behalf Plaintiff Against All Defendants)**

46. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs 1-45.

47. Plaintiff is a disabled person as defined in 42 U.S.C § 12102, as he has "a physical impairment that substantially limits one or more major life activities." Specifically, Plaintiff has an impairment that requires him to walk on even and stable ground, such as pavement. He cannot walk safely on grass, so he cannot circumvent the Encampment. He cannot walk safely on the decomposed granite surface that constitutes many of the paths surrounding and accessing UC Davis. He needs the smooth and stable path of asphalt or concrete, which is precisely what the main artery through the Quad provides and is now blocked.

COMPLAINT - 10

48. Because of the blockade at the center of campus, Plaintiff has been "excluded from participation in" and "be[en] denied the benefits of the services, programs, or activities of a public entity."

49. As a result of Defendants' conduct, Plaintiff has suffered significant injuries. This includes emotional distress for assault and battery, not to mention harassment, as well as for the imposition upon Plaintiff of second-class inferior status by the State institution he calls home.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court order the following relief:

A. Declaratory judgment that the Encampment as allowed violates the Equal Protection Clause, that the Encampment as allowed violates the Free Exercise Clause, that the Encampment as allowed violates Title VI and that the Encampment as allowed violates the ADA.

B. Because without this Court's intervention, the Encampment is likely to persist, and if not through the summer, resume in the Fall, an injunction is requird enjoining Defendants from permitting the Encampment to obstruct the central artery of UC Davis and the Quad so as to violate the Equal Protection Clause, from permitting the Encampment to obstruct the central artery of UC Davis and the Quad so as to violate the Free Exercise Clause, from permitting the Encampment to obstruct the central artery of UC Davis and the Quad so as to violate Title VI and from permitting the Encampment to obstruct the central artery of UC Davis and the Quad so as to violate the ADA.

C. Compensatory financial relief.

COMPLAINT - 11

D. Punitive and/or exemplary damages.

E. Plaintiff's reasonable attorneys' fees pursuant to statute.

F. Any other relief which this Court may deem just and proper.

**JURY DEMAND**

Plaintiffs respectfully request a jury trial on all issues triable thereby.

Dated this 17th of May, 2024.

/s/ David M. Rosenberg-Wohl

David M. Rosenberg-Wohl

HERSHENSON ROSENBERG-WOHL
A PROFESSIONAL CORPORATION

COMPLAINT - 12